# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0225V
Filed: September 18, 2018
UNPUBLISHED

|  |  |
|---|---|
| NATHALIE COLLADO,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Amy A. Senerth*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Ryan Daniel Pyles*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On February 16, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries caused in fact by the influenza vaccination she received on October 22, 2015. Petition at 1, ¶¶ 2, 13 (ECF No. 1). On June 6, 2018, the undersigned issued a decision awarding petitioner compensation in the amount of $120,772.53. (ECF No. 42).

On September 6, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 47). Petitioner requests attorneys' fees in the amount of $24,134.60 and attorneys' costs in the amount of $594.72. *Id.* at 2. In accordance with General Order

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

#9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $24,729.32.

On September 7, 2018, respondent filed a response to petitioner's motion. (ECF No. 48). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates. However, due to attorney C. Clark Hodgson, III's inexperience in the Vaccine Program, the undersigned does find cause to reduce his hourly rate from the requested $225.00 an hour to $200.00 an hour. Therefore, attorneys' fees are reduced by $12.50.[3]

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy,* 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 5.3 hours[4] was billed by paralegals on tasks considered administrative including, opening client files, scanning, mailing and faxing documents. For these

---

[3] Counsel's affidavit lists Mr. Hodge's as billing 0.30 hours. However upon review of the time sheet submitted, Mr. Hodgson actually billed 0.50 hours. (ECF No. 47 at 6). The reduction in attorney fees reflects 0.50 hours, not 0.30 hours as listed in the affidavit.

[4] Examples of these entries include: May 27, 2016 (0.30 hrs) "mailed req. for records to Staten Island Univ. Hospital", October 25, 2016 (0.70 hrs) "faxed third request from State island University Hospital (North) (missing x-ray)", September 14, 2017 (0.30) "Review and process invoice – Ciox Staten Island University Hospital" and September 28, 2017 (0.60 hrs) "Scanned Records to File – Staten Island University Hospital." These entries are merely example and are not exhaustive.

2

reasons the undersigned will reduce the attorney's fees request in the amount of $714.50.[5]

The full amount of costs sought, $594.72 is awarded.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $24,002.32[6] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Amy A. Senerth.**

The clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

                                                            **s/Nora Beth Dorsey**
                                                            Nora Beth Dorsey
                                                            Chief Special Master

---

[5] This amount consists of 0.4 hours at $255 per hour and 4.9 hours at $125 per hour.

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.